UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE COFFEE BEANERY LTD,
JOANNE SHAW, JULIUS SHAW, KEVIN
SHAW, KURT SHAW, KEN COXEN, WALTER
PILON, and OWEN STEARN,

       Petitioners,

v.                                               Case No. 06-10408
                                               Honorable Patrick J. Duggan

WW L.L.C, DEBORAH WILLIAMS, and
RICHARD WELSHANS,

       Respondents.
_____/

**OPINION AND ORDER DENYING RESPONDENTS' MOTION TO STAY
ARBITRATION PENDING OUTCOME OF STATE ADMINISTRATIVE
PROCEEDING AGAINST THE COFFEE BEANERY, LTD AND KEVIN SHAW**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 18, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Petitioners initiated this action to compel arbitration to resolve a dispute between themselves and respondents. Presently before the Court is respondents' motion to stay arbitration pending the outcome of state administrative proceedings against petitioners The Coffee Beanery LTD and Kevin Shaw. The Court held a hearing on the motion on June 8, 2006.

**I.    Factual and Procedural Background**

1

The Coffee Beanery Ltd. ("Coffee Beanery") is a Michigan Corporation with its principal place of business in Flushing, Michigan. The remaining petitioners are officers of the Coffee Beanery and citizens of Michigan. The Coffee Beanery sells and operates Coffee Beanery franchises.

Respondent WW L.L.C. ("WW") is a Maryland corporation with its principal place of business in Annapolis, Maryland. Respondents Deborah Williams and Richard Welshans own WW and are Maryland citizens. On June 2, 2003, Welshans received a "Uniform Franchise Offering Circular" from the Coffee Beanery, including a copy of the Coffee Beanery Franchise Agreement ("franchise agreement"). Welshans executed the franchise agreement on June 17, 2003; petitioner Ken Coxen subsequently executed the agreement on behalf of the Coffee Beanery. On August 21, 2003, Welshans assigned the franchise agreement to WW.

The franchise agreement contains a dispute resolution clause, requiring the parties to engage in non-binding mediation in Flushing, Michigan to resolve "any claim or controversy arising out of or related to [the franchise agreement], or the making, performance, breach, interpretation, or termination thereof." *See* Am. Petition Ex. 2 § 23.2. The franchise agreement further provides that no arbitration or litigation may be commenced on any claim subject to mediation prior to the "mediation termination date"– defined as within sixty days of the issuance of a request for mediation or such longer period as may be agreed upon by the parties in writing. *See id*. §§ 23.3 & 23.3.3. The franchise agreement also requires the parties to engage in arbitration to resolve "any

claim or controversy arising out of or related to this Agreement, or the making, performance, breach, interpretation, or termination thereof ..." *See id*. § 23.4.

On January 21, 2005, WW, through its attorney, sent the American Arbitration Association ("AAA") and the Coffee Beanery a "Demand for Mediation and Arbitration." *See* Am. Petition Ex. 7.  The Demand stated the nature of the dispute to be mediated and arbitrated as follows:

> Declaratory Judgment, Fraud, Negligent Misrepresentation, Fraudulent Misrepresentation, Fraudulent Nondisclosure, Negligent Nondisclosure, Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, violations of the Maryland Franchise Registration and Disclosure Law . . . Michigan's Consumer Protection Act . . .

*See id*.  On January 31, 2005, AAA sent correspondence to the Coffee Beanery and WW offering mediation and noting that the franchise agreement stipulates to the location of mediation as Flushing, Michigan.

The Coffee Beanery subsequently sent a letter to AAA on February 7, 2005, indicating that it was agreeable to mediation of the parties' disputes.  Mediation subsequently was scheduled for June 14, 2005.  On June 8, 2005, however, the Coffee Beanery informed AAA that mediation did not appear to be a reasonable option for the parties to resolve their disputes.  While WW subsequently requested on July 6, 2005, that the AAA arbitration be re-activated, WW sent a correspondence to AAA on November 28, 2005, contending that the franchise agreement's arbitration requirement should not apply to the dispute.  *See* Am. Petition Ex. 15.

3

Thereafter, on December 15, 2005, respondents [WW et al.] filed an action against petitioners [the Coffee Beanery et al.] in the United States District Court for the District of Maryland ("Maryland action").  In the Maryland action, respondents allege *inter alia* that petitioners violated the Maryland Franchise Registration and Disclosure Act. Respondents seek *inter alia* rescission of the franchise agreement and restitution of all moneys paid to the Coffee Beanery.

On January 19, 2006, the Securities Commissioner of Maryland ("Commissioner") brought an administrative action against the Coffee Beanery and petitioner Kevin Shaw ("Shaw") by way of an Order to Show Cause.  *See* Mot. Ex. 1 & Ex. 12.  The Commissioner issued an Amended Order to Show Cause on February 3, 2006.  *See id*. Ex. 2 & Ex. 12.  According to the Commissioner's show cause orders, the Securities Division of the Office of the Attorney General of Maryland initiated an investigation into the franchise-related activities of the Coffee Beanery and Shaw with respect to respondents, and found grounds to allege violations of the disclosure and antifraud provisions of the Maryland Franchise Law.  *See id.*  The orders require the Coffee Beanery and Shaw to show cause why they should not be ordered to permanently cease and desist from the offer and sale of franchises in violation of the Maryland Franchise Law.  The orders require the Coffee Beanery and Shaw to file a written answer within fifteen days responding to the allegations in the orders and indicating whether they request a hearing.

On January 30, 2006, eleven days after the Commissioner issued its initial Order to Show Cause, petitioners filed the instant action seeking to compel arbitration of the

parties' disputes ("Michigan action").  The parties thereafter filed motions in the Maryland action asking the court to stay the proceedings.  Petitioners sought to stay the Maryland action in light of the Michigan action and the arbitration proceedings.  Respondents sought to stay the action pending the outcome of the administrative proceeding against the Coffee Beanery and Shaw.  The judge presiding over the Maryland action, the Honorable Andre M. Davis, issued a "Memorandum to Counsel" and Order on March 23, 2006, granting Respondents [WW et al.] motion to stay.  *See* Mot. Ex. 3.  Judge Davis concluded that this Court has jurisdiction over the petition to compel arbitration and therefore should decide the propriety of any continuation of the arbitration proceeding pending the administrative action.  *See id*.

On March 30, 2006, respondents filed the pending motion asking this Court to stay arbitration pending the outcome of the Maryland administrative proceeding against the Coffee Beanery and Shaw.

**II.     Parties' Arguments**

Respondents argue that a stay is necessary because, if the Commissioner prevails in her claims against the Coffee Beanery and Shaw, the Coffee Beanery and Shaw "*may*" be required to offer respondents rescission of the franchise agreement.  *See* Mot. at 8 (emphasis added). Respondents claim that they will accept rescission, thereby rendering the franchise agreement and its arbitration clause void.  As a result, respondents contend that they will be able to proceed with their claims against petitioners in the Maryland action.

Respondents argue that allowing the arbitration to proceed while the administrative actions is pending is a waste of the parties' and the arbitrator's resources.  As respondents explain their argument, the outcome of the arbitration proceedings will not be binding on the Commissioner because she is not a party to the proceedings.  Accordingly, regardless of the outcome of the arbitration, if the Commissioner finds that the Coffee Beanery and Shaw violated Maryland Franchise Law, she can seek a court order rescinding the franchise agreement and the arbitrator's decision will lack any legal effect.

Petitioners respond that there only are two possible reasons for staying arbitration pending the outcome of the administrative proceedings: (1) the result of those proceedings would allow respondents to avoid arbitration; and/or (2) the proceedings would obviate the need for arbitration by determining the parties' rights.  Petitioners argue that the administrative proceedings will not relieve the parties of their obligation to arbitrate their dispute because the Commissioner cannot seek rescission in the administrative proceedings or in any civil action it might bring under Maryland Franchise Law.  Petitioners argue that rescission only is available as a remedy if a private party sues a franchisor or if the franchisor and Commissioner agree in a consent order to offer rescission to the franchisee.

Petitioners argue that the second reason for granting a stay is not relevant in this case because, regardless of the outcome of the administrative proceedings, the parties still will be required to resolve their dispute in arbitration.  As petitioners explain, where the validity of the entire franchise agreement rather than the arbitration clause itself is at

6

issue, only the arbitrator can resolve the parties' dispute. In any event, petitioners further contend that the administrative proceedings will not resolve all of the issues between the parties. Finally, petitioner argues that a stay is inappropriate in light of the amount of time the arbitration already has been pending and the unlikelihood that the administrative proceedings will terminate soon.

### III.   Applicable Law and Analysis

The Federal Arbitration Act ("FAA") provides that arbitration clauses in commercial contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Where a party challenges the validity of the arbitration clause itself, the federal court must resolve whether there is an enforceable arbitration provision. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 402-04, 87 S. Ct. 1801, 1806 (1967). If the court is satisfied that the making of the agreement to arbitrate is not at issue, the FAA provides that "the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. As the Supreme Court held in *Prima Paint*, if there is a "claim of fraud in the inducement of the entire contract," the matter is to be resolved by the arbitrator, not the federal court. *Prima Paint Corp.*, 388 U.S. at 403-04, 87 S. Ct. at 1805-06.

In this case, respondents do not challenge the validity of the arbitration clause in the franchise agreement. Instead, respondents challenge the enforceability of the entire agreement due to the Coffee Beanery's and Shaw's alleged violations of Maryland

Franchise Law.  As *Prima Paint* instructs, this determination must be decided by the arbitrator, not this Court.  By executing the franchise agreement, which contains an arbitration agreement, the parties agreed to resolve that issue through arbitration.  For those reasons, the Court believes that the arbitrator should decide whether the pending state administrative proceedings will have any impact on the parties' dispute and whether the arbitration proceedings should be stayed to await the result of those proceedings.  In this Court's opinion, the broad powers of the arbitrator to resolve the parties' dispute includes the power to stay or delay the arbitration proceedings if, in the arbitrator's judgment, such delay may assist in resolving the dispute.

Accordingly,

**IT IS ORDERED**, that respondents' motion to stay arbitration pending outcome of state administrative proceeding against the Coffee Beanery, LTD and Kevin Shaw is **DENIED**;

**IT IS FURTHER ORDERED**, that the petition to compel arbitration is **GRANTED**.[1]

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Karl V. Fink, Esq.
Mark J. Kriger, Esq.

---

[1] Because the Court is granting the petition to compel arbitration, the Court deems this case closed.