IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THE COFFEE BEANERY, LTD., a<br>Michigan corporation, et al.,<br><br>                Plaintiffs,<br><br>vs.<br><br>WW, LLC, a Maryland limited liability<br>corporation, et al,<br>                Defendants. | Civil Action No. 06-10408<br><br>Hon. Patrick J. Duggan |

PEAR SPERLING EGGAN & DANIELS, PC
By:  Karl V. Fink (P13429)
     Paul R. Fransway (P37900)
Attorneys for Plaintiffs
24 Frank Lloyd Wright Drive
Ann Arbor, Michigan  48105
734-665-4441
kfink@psedlaw.com

COHAN, WEST, RIFKIN & COHEN, P.C.
By:  Harry M. Rifkin
Attorneys for Defendants
210 N. Charles Street
Suite 2404
Baltimore, Maryland 21201
410-332-1400

LARENE & KRIGER, PLC
By:  Mark Kriger (P30298)
Co-Counsel for Defendants
645 Griswold Street, Suite 1717
Detroit, Michigan   48228
313-967-0100

**APPLICATION/MOTION TO CONFIRM ARBITRATION AWARD**

Plaintiffs, The Coffee Beanery, Ltd, JoAnne Shaw, Julius L. Shaw, Kevin Shaw, Kurt Shaw, Ken Coxen, Water Pilon, and Owen Stern (collectively referred to herein as "Plaintiffs"), by their attorneys Pear Sperling Eggan & Daniels, PC, make application under Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§6, 9, and Fed. R. Civ. P. 81(a)(3), to this Court for

entry of an order and judgment confirming the arbitration award between the parties issued March 28, 2007. In support of this application, Plaintiffs state:

**Nature of the Action**

1. This action was originally brought on January 30, 2005 under Section 4 the Federal Arbitration Act, 9 U.S.C. § 4, as a Petition to Compel Arbitration of a dispute between the parties. The parties' arbitration agreement was contained in THE COFFEE BEANERY, LTD. FRANCHISE AGREEMENT dated July 17, 2003 ("the Franchise Agreement"), which was attached as Exhibit 2 to the Petition to Compel Arbitration. On July 18, 2006, this Court entered an "Order Denying Defendants' Motion to Stay & Granting Petition to Compel Arbitration." Thereafter, in accordance with this Court's order, arbitration proceedings between Plaintiffs, The Coffee Beanery, Ltd, JoAnne Shaw, Julius L. Shaw, Kevin Shaw, Kurt Shaw, Ken Coxen, Water Pilon, and Owen Stern ("Plaintiffs"), and Defendants, WW, LLC, Richard Welshans, and Deborah Williams ("Defendants"), were conducted in January 2007 under the auspices of the American Arbitration Association in Ann Arbor, Michigan. On March 28, 2007, the Arbitrator, JoAnne Barron, Esquire, issued an arbitration award in favor of Plaintiffs and against Defendants. A true and accurate copy of the Arbitration Award is attached hereto as Exhibit A. By this action Plaintiffs seek confirmation of the arbitrator's award and entry of judgment thereon.

**The Parties, Jurisdiction and Venue**

2. Plaintiff The Coffee Beanery, Ltd. is a citizen of the State of Michigan, being a Michigan corporation with its principal place of business in Flushing, Michigan.

3. Plaintiff JoAnne Shaw is a citizen of the State of Michigan.

2

4. Plaintiff Julius L. Shaw is a citizen of the State of Michigan.

5. Plaintiff Kevin Shaw is a citizen of the State of Michigan.

6. Plaintiff Kurt Shaw is a citizen of the State of Michigan.

7. Plaintiff Walter Pilon is a citizen of the State of Michigan.

8. Plaintiff Owen Stern is a citizen of the State of Michigan.

9. Defendant WW, LLC is a citizen of the State of Maryland, being a limited liability corporation of the State of Maryland with its principal place of business in Annapolis, Maryland.

10. WW, LLC has only two members; Defendant Richard Welshans and Defendant Deborah Williams.

11. Defendant Deborah Williams has a 51% ownership interest in WW, LLC and she is a citizen of the State of Maryland, residing in Anne Arundel County, Maryland.

12. Defendant Richard Welshans has a 49% ownership interest in WW, LLC and he is a citizen of the State of Maryland, residing in Anne Arundel County, Maryland.

13. This Court accordingly continues to have original jurisdiction of this action under 28 U.S.C. § 1332(a)(1) because this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is entirely between citizens of different states.

14. Venue in this judicial district is proper for two reasons. First, the Franchise Agreement between the parties provides that any judicial action permitted by the Franchise Agreement (with certain exceptions not applicable here) and brought by Defendants against Plaintiff Coffee Beanery, Ltd. "shall be brought exclusively . . . in the federal district court covering the location at which CBL has its principal place of business at the time the action is

commenced . . . ." Here, since the principal place of business of Coffee Beanery, Ltd. is in Flushing, Michigan, Defendants have agreed that venue is exclusive and proper in the United States District Court for the Eastern District of Michigan. Second, Section 9 of the FAA, 9 U.S.C. § 9, further provides that in the absence of such agreement on forum, then application for confirmation of an arbitration award may be made to the United States court in and for the district within which such award was made. Here, since the arbitration award was made and issued in the Eastern District of Michigan, venue is proper here.

15. This Court has continuing subject matter jurisdiction and authority to confirm the arbitration award entered on March 28, 2007 under *Marine Transit Corp. v. Dreyfus, et al.,* 284 U.S. 263, 275-76 (1932).

**The Arbitration Proceeding and Award**

16. On or about June 17, 2003, The Coffee Beanery, Ltd. ("CBL") as franchisor and Richard Welshans as franchisee entered into a written franchise agreement (the "Franchise Agreement") pursuant to which CBL granted Richard Welshans a franchise to operate a Coffee Beanery café at a specified site in Annapolis, Maryland, together with a limited license to use CBL's name and marks in connection therewith.

17. On or about August 31, 2003, Richard Welshans assigned the Franchise Agreement to WW, LLC. As part of the assignment, Mr. Welshans, as assignor, agreed that he remained jointly liable for all obligations to CBL under the Franchise Agreement.

18. The Franchise Agreement, out of which the parties' underlying dispute arose, provides that disputes arising under or in connection with the Agreement are to be arbitrated under the auspices of the American Arbitration Association.

4

19. On or about January 21, 2005, a demand for mediation and arbitration was filed with the American Arbitration Association on behalf of WW, LLC against Coffee Beanery, Ltd.

20. On or about March 13, 2006, an Amended Statement of Claim was filed on behalf of WW, LLC, Deborah Williams, and Richard Welshans against the Coffee Beanery, Ltd. JoAnne Shaw, Julius L. Shaw, Kevin Shaw, Kurt Shaw, Ken Coxen, Walter Pilon, and Owen Stern.

21. On or about March 30, 2006, a Seconded Amended Statement of Claim was filed on behalf of Claimants named in the preceding paragraph against the Respondents named in that paragraph.

22. On or about April 13, 2006, Plaintiffs herein, in the arbitration proceeding, filed an answer and a counter-claim was filed on behalf of The Coffee Beanery. Ltd.

23. Pursuant to the Commercial Arbitration Rules of the American Arbitration Association, on February 6, 2006, the American Arbitration Association appointed JoAnne Barron, Esquire as Arbitrator.

24. In January 2007, an arbitration hearing was held in Ann Arbor, Michigan. Testimony was taken on 11 different dates.

25. On March 28, 2007, the Arbitrator rendered an arbitration award and finding in favor of Plaintiffs herein on all the claims made by Defendants herein. The Arbitrator further awarded Plaintiffs herein a total of $144,336.73 for past due royalties, reasonable attorney/accounting fees costs and expenses, and an additional $8,400 for reimbursement for American Arbitration Association and arbitrators fees, for a total of $152,736.73. The said sum is to be paid by WW, LLC and Richard A. Welshans, jointly and severally. A true and correct copy of the Award of Arbitrator is attached hereto as Exhibit A.

26. WW, LLC and Richard A. Welshans have not paid to Plaintiffs the award or any portion of the award ordered by the Arbitrator.

**Confirmation of the Award**

27. Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, provides that at any time within one year after an arbitration award is made, any party to the arbitration may apply to the United States court in and for the district within which such award was made for an order confirming the arbitration award. Section 9 further provides that unless the arbitration award has been vacated, modified or corrected as prescribed in Sections 10 and 11 of the Federal Arbitration Act, 9 U.S.C. §§ 10 and 11, the Court must grant an order confirming the award.

28. This application is timely made in that the award which Plaintiffs seek to confirm was issued on March 28, 2007, less than one year ago. Further, to date, the arbitration award which Plaintiffs seek to confirm has been neither vacated, modified, nor corrected.

29. No previous application has been made for the relief requested herein.

30. Pursuant to E.D. Mich. L.R. 7.1(a), given Defendants' Motion to Vacate Arbitration Award" filed in this Court on April 28, 2007, this motion will be contested and this Application/Motion to confirm the Arbitration Award is therefore necessary.

**Request for Confirmation of Arbitration Award**

WHEREFORE, Plaintiffs respectfully request that this Court confirm the arbitration award by JoAnne Barron and enter judgment thereon, as follows:

    A.    Judgment in favor of Plaintiffs confirming the arbitration award;

B. Judgment in favor of Plaintiffs in the amount of $152,736.73 against WW, LLC and Richard A. Welshans jointly and severally; and

C. Such other relief as the Court deems just and proper.

>Respectfully submitted,
>
>PEAR SPERLING EGGAN & DANIELS, P.C.
>
>By: */s/ Karl V. Fink*
>   Karl V. Fink (P13429)
>   Paul R. Fransway (P37900)
>Attorneys for All Plaintiffs
>24 Frank Lloyd Wright Drive
>Ann Arbor, Michigan 48105
>(734) 665-4441
>kfink@psedlaw.com

Dated: April 20, 2007

## BRIEF IN SUPPORT OF APPLICATION/MOTION

For its legal authorities and evidence in support of this Application/Motion, Plaintiffs rely upon:

(a) the specific allegations of fact and law made in its Application/Motion, *supra*;

(b) the docketed record of all proceedings in this civil action to date;

(c) the Franchise Agreement between the parties, attached as Exhibit 2 to the Petition to Compel (Docket #1), which contains the arbitration agreement and the forum selection clause;

(d) this Court's order compelling arbitration (Docket #20);

(e) the Arbitration Award rendered March 28, 2007 (attached hereto as Exhibit A);

(f) the provisions of Sections 6 & 9 of the Federal Arbitration Act, 9 U.S.C. §§ 6, 9;

(g) Fed. R. Civ. P. 81(a)(3); and

(h) the existence of this Court's continuing authority to confirm the arbitration award as set forth in *Marine Transit Corp. v. Dreyfus et al.,* 284 U.S. 263 (1932).

Respectfully submitted,

PEAR SPERLING EGGAN & DANIELS, P.C.

By*:*  */s/ Karl V. Fink*
      Karl V. Fink (P13429)
      Paul R. Fransway (P37900)
Attorneys for All Plaintiffs
24 Frank Lloyd Wright Drive
Ann Arbor, Michigan 48105
(734) 665-4441

Dated: April 20, 2007      kfink@psedlaw.com

**CERTIFICATE OF SERVICE**

Karl V. Fink, hereby certifies that on April 20, 2007, he electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: Harry M. Rifkin and Mark J. Kriger (P30298), Attorneys for Defendants.

                                  */s/ Karl V. Fink*
                                  Karl V. Fink (P37900)
                              Pear Sperling Eggan & Daniels, P.C.
                              Attorneys for All Plaintiffs
                              24 Frank Lloyd Wright Drive
                              Ann Arbor, Michigan  48105
                              (734) 665-4441
                              kfink@psedlaw.com