# AMERICAN ARBITRATION ASSOCIATION
## Commercial Arbitration Tribunal

In the Matter of the Arbitration between

Re: 54 114 00124 05

WW, LLC, t/a The Coffee Beanery Café
Deborah Williams
Richard Welshans                                      Claimants

    And

                                            Respondents

The Coffee Beanery, LTD
JoAnne Shaw
Julius L. Shaw
Kevin Shaw
Kurt Shaw
Ken Coxen
Walter Pilon
Owen Stern

## AWARD OF ARBITRATOR

I, JoAnne Barron, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named Parties and dated June 17, 2003, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, does hereby, AWARD, as follows:

Claimants are the original franchisee (Welshans), the current franchisee (WW, LLC), and the member/owners of the current franchisee (Welshans and Williams). Respondents are the franchisor (Coffee Beanery, LTD) and its officers and employees (JoAnne Shaw, Julius L. Shaw, Kevin Shaw, Kurt Shaw, Ken Coxen, Walter Pilon and Owen Stern). All claims and counterclaims submitted by the Parties are subject to arbitration pursuant to the franchise agreement and were considered and resolved by the Arbitrator.

Based on the credible evidence as a whole, Claimants did not prove their claims of common law fraud by clear and convincing evidence, and did not prove their claims of fraudulent inducement and misrepresentation, negligent misrepresentation, detrimental reliance, and violations of the Michigan and Maryland franchise investment laws, by a preponderance of the evidence.

The individual Respondents, having successfully defended all claims brought by Claimants, are prevailing parties. Respondent, Coffee Beanery, LTD having successfully defended all claims brought by Claimants, and having proved its counterclaim for past due royalties, reasonable attorney and accounting fees and costs and expenses pursuant to the terms of the franchise agreement, is a prevailing party.

Reasons for the Award:

The franchise agreement dated June 17, 2003, the guaranty agreement, and the assignment of the franchise to WW, LLC on August 31, 2003 are valid, effective, and enforceable agreements that are binding on the Parties.

The Arbitrator finds that there was no intent on the part of Respondents to mislead Claimants or misrepresent the franchise system. The credible evidence showed that Respondents provided Claimants with, adequate, proper and timely disclosure (UFOC and related documents) under Michigan and Maryland franchise laws, excellent training, competent assistance with store location, competent lay-out of the store and business start-up resources, comprehensive operations, training and equipment manuals, excellent coffee and related products, available trouble-shooting resources, and available financial assistance. Although Claimants experienced a few significant problems with equipment, furniture and fixtures, Respondents attempted to render assistance to help Claimants resolve the problems, and the problems did not cause damage to Claimants' business. The credible evidence showed that factors outside of the franchise system including the economy of the local marketplace, demographics, competition, and operator inexperience were the likely causes of the lack of success of Claimants' business.

Claimant Williams did not sign the franchise agreement, did not purchase the franchise and was not granted a franchise. Claimant is a member/owner of WW, LLC but made no monetary investment in the franchise. Claimant did not prove that she sustained damages or is entitled to rescission or any other statutory, common law or equitable relief.

Claimant WW, LLC did not sign the franchise agreement, did not purchase a franchise and was not granted a franchise. Claimant obtained the rights and interest in the franchise by assignment. Claimant did not prove that it sustained damages or is entitled to rescission or any other statutory, common law or equitable relief. The Arbitrator found the testimony of witnesses Welshans, Williams and their expert witness Lombardo with regard to the claim for damages, not credible.

Claimant Richard A. Welshans signed the franchise agreement, purchased the franchise and was granted a franchise. Claimant Welshans is the guarantor of the obligations of the franchisee WW, LLC under the franchise agreement. Claimant Welshans did not prove that he sustained damages individually or as a member/owner of WW, LLC or is entitled to rescission or any other statutory, common law or equitable relief. The Arbitrator found the testimony of witnesses Welshans, Williams and their expert witness Lombardo with regard to the claim for damages, not credible.

Claimants are not entitled to rescission of the franchise agreement and did not prove damages based on alleged violations of Maryland and Michigan franchise investment laws. The Arbitrator found Claimant Welshans' version of the events surrounding receipt of the UFOC not credible. Respondents sent Claimant Welshans the UFOC via Federal Express on May 30, 2003. Claimant Welshans received the UFOC on June 2, 2003 and did not sign the franchise agreement until June 17, 2003. Based on the credible evidence, the Arbitrator finds that Respondents timely complied with disclosure requirements.

Claimants are not entitled to rescission of the franchise agreement and did not prove damages based on the alleged failure to disclose more or different information about Café stores. The Arbitrator is not bound by the apparent conclusions of the Maryland Commissioner or the

statements, conclusions or opinions set forth in the Consent Order because the Commissioner was not and is not a Party to the arbitration proceeding, and the Consent Order, by its terms, does not contain admissions of the Parties. Based on the credible testimony of Respondents' witnesses and documentary evidence, the Arbitrator finds, contrary to the statements, conclusions and opinions of the Maryland Commissioner, that Respondents complied with Maryland (and Michigan) franchise laws regarding disclosure of information related to Café stores.

Claimants WW, LLC and Welshans are not entitled to rescission of the franchise agreement and did not prove damages based on non-disclosure of the Gift Card, DMX and Pepsi contracts. The Arbitrator finds that the Gift Card program and the DMX system were not required programs and that Claimants' participation was voluntary. Claimants did not elect to participate in the Gift Card program. Claimants purchased the DMX system as part of the equipment package and elected to sign the contract and participate in the music program for a monthly fee. The DMX system provided a significant benefit to Claimants' franchise. Although the evidence showed that Pepsi products were required and approved products, Claimants failed to prove by a preponderance of the evidence that a Pepsi contract, subject to disclosure laws, was actually in effect in 2002-2003 when Claimant purchased the franchise. The Arbitrator finds that Claimants failed to show damages caused by or linked to non-disclosure of the three contracts.

Claimants failed to timely and effectively tender back the benefits of the franchise (trademarks, equipment, location, etc.) to Respondents. The Arbitrator finds that, contrary to Claimants' stated intent to rescind the franchise agreement, Claimants continued to operate the business utilizing the Coffee Beanery trademarks, products and franchise system. Claimants are not entitled to rescission and are barred from electing rescission under the Consent Order because they did not accept the rescission offer within the stated 30-day period.

The Arbitrator finds, based on the credible evidence, that Respondent Kevin Shaw did not make earnings claims verbally or in writing to Claimants prior to the purchase of the franchise to induce Claimants to purchase the franchise. Claimants did not rely on any sales or expense information provided by Respondents. Claimants were convinced that they had the skills, experience and talent to run a successful business and were determined to purchase a Coffee Beanery franchise, secure the location with an executed lease, and open the business, as quickly as possible.

The Arbitrator finds that Respondent was not required to disclose to Claimants that Kevin Shaw has a felony conviction for grand larceny as it is not the type of felony conviction subject to disclosure. Michigan and Maryland franchise laws limit such disclosure to felonies that involve fraud, embezzlement, fraudulent conversion, or misappropriation of property. Furthermore, the non-disclosure did not cause damage to Claimants.

Claimant Williams is not liable for any damages sustained by Respondent.

Claimant Welshans is individually liable for damages sustained by Respondent under the franchise agreement based on the guaranty agreement.

Claimant WW, LLC is liable for damages sustained by Respondents under the franchise agreement based on assignment of the rights, interest and liabilities under the franchise agreement.

Claimants WW, LLC and Richard A. Welshans are jointly and severally liable to pay Respondents past due royalties in the amount of $13,710.16.

In addition, Respondents, as prevailing Parties are entitled to reasonable attorney and accounting fees in the amount of $105,932.40 (determined by the Arbitrator to be 50% of the requested amount of such fees) plus all expenses claimed by Respondents in the amounts as follows:

| | |
|---|---|
| Airfare, vehicle rental, motel charges, meals, witness Bechard expenses: | $ 1,963.11 |
| Witness Greenbaum expenses: | $ 737.03 |
| Mileage expenses: | $ 926.00 |
| Meal expenses: | $ 504.25 |
| Room and related expenses: | $ 2,808.16 |
| Court Reporter expenses | $17,785.62 |
| Total amount of past due royalties, reasonable attorney/accounting fees, costs and expenses: | $144,366.73 |

The administrative fees of the American Arbitration Association totaling $8,500.00, and the compensation of the Arbitrator totaling $16,800.00 shall be borne by Claimants, WW, LLC and Richard A. Welshans, jointly and severally.

Therefore, Claimants, WW, LLC and Richard A. Welshans shall reimburse Respondents the sum of $8,400.00 representing that portion of said fees and expenses in excess of the apportioned costs previously incurred and paid by Respondents.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

Date: 3/28/2007

JoAnne Barron

I, JoAnne Barron, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

Date: 3/28/2007

JoAnne Barron