UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE COFFEE BEANERY, LTD.,
a Michigan Corporation, JOANNE SHAW,
JULIUS SHAW, KEVIN SHAW, KURT SHAW,
KEN COXEN, WALTER PILON, and
OWEN STERN,                                                    Case No. 06-10408
                    Petitioners,
vs.                                                            Hon. Patrick J. Duggan

WW, LLC, a Maryland Limited Liability
Corporation, DEBORAH WILLIAMS, and
RICHARD WELSHANS,

                    Respondents.
_____

PEAR SPERLING EGGAN & DANIELS, P.C.
By:  Karl V. Fink (P13429)
     Paul R. Fransway (P37900)
Attorneys for Petitioners
24 Frank Lloyd Wright Drive
Ann Arbor, Michigan  48105
(734) 665-4441
kfink@psedlaw.com

COHAN, WEST, RIFKIN & COHEN, P.C.            LARENE & KRIGER, PLC
By:  Harry M. Rifkin                          By:  Mark Kriger (P30298)
Attorneys for Respondents                     Local Counsel for Respondents
201 N. Charles Street, Suite 2404             645 Griswold Street, Suite 1717
Baltimore, Maryland  21201                    Detroit, Michigan  48228
(410) 332-1400                                (313) 967-0100
hmr@cohanwest.com                             mkriger@sbcglobal.net
_____

**RESPONSE IN OPPOSITION TO**
**MOTION TO VACATE ARBITRATION AWARD**

    Petitioners herein, The Coffee Beanery, Ltd., Julius Shaw, Kurt Shaw, Kevin Shaw, Ken

Coxen, Owen Stern, Walter Pilon, and Joanne Shaw (collectively, "Petitioners"), by their

undersigned counsel, oppose Respondents' Motion to Vacate Arbitration Award for all the reasons more fully set forth in the accompanying Memorandum, which are incorporated by reference herein. Petitioners respectfully request that the Court deny the Motion to Vacate Arbitration Award, grant their pending Application//Motion to Confirm Arbitration Award filed April 20, 2007 and enter judgment on the award.

>Respectfully Submitted,
>
>PEAR SPERLING EGGAN & DANIELS, P.C.
>
>
>By: /s/ Karl V. Fink_____
>     Karl V. Fink (P13429)
>     Paul R. Fransway (P37900)
>Attorneys for Petitioners
>24 Frank Lloyd Wright Drive
>Ann Arbor, Michigan  48105
>(734) 665-4441
>kfink@psedlaw.com

Dated:  May 2, 2007

**MEMORANDUM IN OPPOSITION TO**
**MOTION TO VACATE ARBITRATION AWARD**

**I. INTRODUCTION**

This dispute arose out of the franchise relationship created under the Franchise Agreement ("Agreement") executed by Petitioner The Coffee Beanery, Ltd. ("CBL") and Respondent Richard Welshans ("Welshans"). Among its provisions, the Agreement required the parties to arbitrate any claim or controversy arising out of or related to the Agreement, and further mandated that "[t]he arbitration award shall be binding upon the parties . . . ." (Docket #1, Exh. 2, Franchise Agreement ¶ 23.4). The agreed-upon venue for an arbitration proceeding was at a location within the Eastern District of Michigan. *Id.*

Respondents had originally commenced the arbitration proceeding on January 25, 2005 by filing a written demand against Petitioners for mediation and arbitration with the American Arbitration Association ("AAA"). (Docket #1, Exh. 7.). That AAA proceeding was well underway when, on December 15, 2005, after switching legal counsel, Respondents attempted to abandon the arbitration process they had started by filing suit against Petitioners in the United States District Court for the District of Maryland, Civil No. 1:05-CV-03360-AMD. (Docket #1, Exh's 14, 15). In response to the Maryland lawsuit, Petitioners moved to stay the Maryland case, and on January 30, 2006, they filed in this case a Petition to Compel Arbitration in this district, since the agreed-upon venue for the arbitration was within the Eastern District of Michigan. (Docket #1,4).

On March 23, 2006, the Maryland Court stayed its case in deference to further proceedings before this Court on the Petition to Compel Arbitration. (Docket #17, Exh's 2, 3). As a result of the stay in Maryland, Respondents responded to the Petition to Compel Arbitration by filing a Motion to Dismiss and/or Stay in this district. (Docket #10). On July 18, 2006, this

1

Court entered an order denying Respondents' Motion to Stay and granting Petitioners' Petition to Compel Arbitration of the parties' dispute. (Docket #20).

In January 2007, the AAA arbitration hearing occurred at an agreed-upon location in Ann Arbor, Michigan before Arbitrator JoAnne Barron, Esquire, who had been appointed by the AAA to resolve the dispute in February 2006. Arbitration Barron took testimony on eleven (11) different dates in January 2007; those arbitration proceedings were transcribed and daily hearing transcripts were generated. At the close of the hearing, the transcript of the entire proceeding was provided to Arbitrator Barron to assist her decision-making. Arbitrator Barron also gave both sides an opportunity to submit written closing argument, along with proposed findings of fact and conclusions of law for her consideration. In late February 2007, both sides submitted substantial post-hearing briefs. On March 28, 2007, Arbitrator Barron signed and issued an Arbitration Award, finding in favor of Petitioners herein on all claims. A true copy of the Arbitration Award of March 28, 2007 is attached as Exhibit A.

On April 18, 2007, Respondents simultaneously filed two separate "Motion[s] to Vacate Arbitration Award" – one here, and one in the Maryland case. Both motions are virtually identical and request the same relief from both district courts. However, the Maryland case remains stayed pending further order of that Court, and to date, no further order lifting the stay has been entered by the Maryland Court. Petitioners intend to respond in Maryland by requesting that the court-ordered stay remain in place pending further proceedings in this district.

Respondents have notably declined to attach a copy of the Arbitration Award to their request to vacate it. In their motion papers, Respondents also decline to cite or analyze the statutory standard applicable to a motion to vacate an arbitration award as set forth in Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10. Pages 3 through 17 of Respondents'

2

Brief, the bulk of their paperwork, consists merely of a *verbatim* recitation, paragraph by numbered paragraph, of their proposed factual findings and legal conclusions, copied from their post-hearing brief submitted to Arbitrator Barron in February 2007. Thus, Respondents are intent on simply rearguing their factual case to this Court. Respondents' main legal argument suggests that the award was fraudulent and/or biased because Arbitrator Barron did not simply rubberstamp the untested factual and legal allegations of an administrative Consent Order, which was entered without a hearing on the merits of those allegations, and which expressly recited that it was not binding on future proceedings between the parties.

While Respondents are clearly unhappy with the Arbitration Award, they have not articulated any legally cognizable reason to vacate it under the statutory standard in Section 10 of the FAA and within the context of the deferential standard of review of arbitration awards. Petitioners therefore respectfully request that this Court deny Respondents' Motion to Vacate Arbitration Award, grant Petitioner's "Application/Motion to Confirm Arbitration Award," and enter judgment on the Arbitration Award in accordance with Section 9 of the FAA, 9 U.S.C. § 9.

## II.  THE APPLICABLE LEGAL STANDARD

The Eastern District of Michigan clearly has authority to decide all pending issues/motions arising out of issuance of the Arbitration Award on March 28, 2007:

> We do not conceive it to be open to question that, where the court has authority under the [Federal Arbitration Act], as we find that it had in this case, to make an order for arbitration, the court also has authority to confirm the award or to set it aside for irregularity, fraud, ultra vires, or other defect. [citing 9 U.S.C. §§ 10-12].

*Marine Transit Corp. v. Dreyfus, et al.,* 284 U.S. 263, 275-76 (1932). At this procedural juncture in May 2007, the Eastern District of Michigan, having decided by Order entered July 18, 2006 that the arbitration proceeding should continue, properly has jurisdiction of both

3

Respondents' Motion to Vacate Arbitration Award, and Petitioners' Motion to Confirm Arbitration Award, both of which have ensued from the "order for arbitration," i.e. the decision granting the Petition to Compel Arbitration. And, Respondents themselves have affirmatively invoked this Court's jurisdiction by filing a Motion to Vacate in this case.

With respect to the Motion to Confirm, Section 9 of the Federal Arbitration Act ("FAA") provides *inter alia* that at any time within one year after an arbitration award is made, any party to the arbitration may apply to the United States court in and for the district within which such award was made for an order confirming the arbitration award. 9 U.S.C. § 9. As for Respondents' Motion to Vacate, Section 10 of the FAA outlines the four (4) criteria of the legal standard applicable to a motion to vacate an arbitration award. 9 U.S.C. § 10. While Respondents have not cited the statute, their argument appears to implicate only Sections 10(a)(1) and (2) of the FAA, i.e. the award was procured by fraud and/or there was evident partiality in the arbitrator. However, "[t]he alleged partiality must be direct, definite, and capable of demonstration, and 'the party asserting [it] . . . must establish specific facts that indicate improper motives on the part of the arbitrator.'" *See Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 329 (6th Cir. 1998)(citing *Consol. Coal Co. v. Local 1643, United Mine Workers of America,* 48 F.3d 125, 129 (4th Cir. 1995). Respondents have not even attempted to meet this standard, and based on the express terms of the Consent Order, set forth *infra*, Respondents' arguments are meritless on the face of their papers.

It is well-established that courts should play only a limited role in reviewing the decisions of arbitrators. *See Dawahare v. Spencer,* 210 F.3d 666, 669 (6th Cir. 2000)(citing *Shelby County Health Care Corp. v. A.F.S.C.M.E., Local 1733,* 967 F.2d 1092, 1094 (6th Cir. 1992)). "The Federal Arbitration Act presumes that arbitration awards will be confirmed." *Id. (*citing 9 U.S.C.

4

§ 9; *Andersons, Inc. v. Horton Farms, Inc.,* 166 F.3d 308, 328 (6th Cir. 1998)). A district court's power to vacate an arbitration award "is almost exclusively confined to the four grounds specified in" the Act. *Terk Technologies Corp. v. Dockery,* 86 F.Supp.2d 706, 708 (E.D. Mich. 2000)(citing *NCR Corp. v. Sac-Co., Inc.,* 43 F.2d 1076, 1079 (6th Cir. 1995)). The Court may also vacate an award if the conduct of the arbitrator constitutes "manifest disregard" of applicable law. *Id.* However, the "manifest disregard of the law" standard is very narrow. *Id.* at 710 (citing *Merrill Lynch, Pierce, Fenner & Smith v. Jaros,* 70 F.3d 418, 421 (6th Cir. 1995)).

The burden is clearly heavy -- arbitrators act in manifest disregard of the law only if the applicable legal principle is clear and well-settled and they refuse to follow such principle. *Id.* Here, Respondents have not even attempted to meet that burden. Beyond their fraud and bias arguments, they include an unsubstantiated indictment of the AAA itself, almost as a throw-away argument. These arguments are meritless on their face. The Arbitrator decided:

> The franchise agreement dated June 17, 2003, the guaranty agreement, and the assignment of the franchise to WW, LLC on August 31, 2003 are valid, effective, and enforceable agreements that are binding on the parties.
>
> . . . .
>
> Claimants are not entitled to rescission of the franchise agreement and did not prove damages based on alleged violations of Maryland and Michigan franchise investment laws . . . .
>
> Claimants failed to timely and effectively tender back the benefits of the franchise (trademarks, equipment, locations, etc.) to Respondents. The Arbitrator finds that, contrary to Claimants' stated intent to rescind the franchise agreement, Claimants continued to operate the business utilizing Coffee Beanery trademarks, products and the franchise system. *Claimants are not entitled to rescission and are barred from electing rescission under the Consent Order because they did not accept the rescission offer within the stated 30-day period . . . .*
>
> This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

5

*See Exhibit A, ¶¶ 5, 10, 13 & 25 (emphasis added).* After a full adversarial hearing on the merits of both sides' claims, Arbitrator Barron clearly found the franchise agreement was enforceable and that Respondents herein were not entitled to rescission of the contract; the arbitration agreement contained within the franchise agreement was therefore fully enforceable, and the dispute was indeed subject to arbitration. In its July 18, 2006 order granting the Petition to Compel Arbitration, this Court left to the arbitrator the decision on whether or not the agreement to arbitrate was valid and enforceable; that decision has now been made and Respondents have not articulated any legally cognizable reason to set it aside.

Arbitration does not provide a system of "junior varsity trial courts" affording the losing party complete and rigorous *de novo* review. *Terk Technologies, supra,* at 1079 (citing *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731,* 990 F.2d 957, 960 (7th Cir. 1993)). On the contrary, the party moving to vacate the award bears a "high" burden of proof to avoid "summary confirmation" of the award. *Id.* (citing *Ottley v. Schwartzberg,* 819 F.2d 373, 376 (2d Cir. 1987)). There is a strong policy in favor of upholding arbitration awards. *Id.* (citing *Federated Dep't Stores, Inc. v. J.V.B. Indus., Inc.,* 894 F.2d 862, 866 (6th Cir. 1990)).

Here, Respondents' lengthy, *verbatim* recitation of their proposed findings of fact and conclusions of law from their post-hearing brief is simply an effort to re-argue, *de novo,* the alleged merits of their factual and legal position to this Court, after the arbitrator had already rejected those positions after taking eleven (11) days of testimony and reviewing the parties' documentary evidence. Respondents go further by suggesting that the arbitrator's credibility findings are "not genuine." Those unsubstantiated arguments are insufficient to overturn the award, particularly within the context of the strong federal policy in favor of upholding arbitration awards.

Finally, Respondents complain that the dispute is not arbitrable because the arbitration agreement was "unconscionable." Respondents failed to raise that argument in response to the Petition to Compel, when arbitrability of the dispute was squarely in issue, and it should be deemed waived at this late juncture. Further, they make no attempt to cite the applicable legal standard in Michigan, or otherwise analyze it or provide evidentiary support for the argument. *See Copeland v. Katz,* 2005 W.L. 3163296 at *2 (E.D. Mich. 1995). The franchise agreement was not a contract of adhesion; Respondents were not forced to become Coffee Beanery franchisees; they could choose to do business with Coffee Beanery or not, as they saw fit. Respondents have not even attempted to demonstrate that the arbitration agreement in issue was "procedurally" or "substantively" unconscionable. And, of course, the whole argument ignores the circumstance that Respondents themselves initiated the arbitration with their January 25, 2005 written demand for arbitration submitted to AAA. As Arbitrator Barron ultimately found:

> The Arbitrator finds, based on the credible evidence, that Respondent Kevin Shaw did not make earnings claims verbally or in writing to Claimants prior to the purchase of the franchise to induce Claimants to purchase the franchise. Claimants did not rely on any sales or expense information provided by Respondents. *Claimants were convinced that they had the skills, experience and talent to run a successful business and were determined to purchase a Coffee Beanery franchise, secure the location with an executed lease, and open the business, as quickly as possible.*

*See Exhibit A, ¶14 (emphasis added).*

### III. THE CONSENT ORDER WAS NOT BINDING ON THE ARBITRATOR

Respondents' primary argument is that the award should be vacated "as it was procured by fraud, improperly and unconscionably ignores the law and uncontested facts . . . as found in the consent order." (Brief p. 2). Respondents provide no evidence of fraud or bias, because none exists. Respondents are clearly unhappy that the Arbitrator did not simply rubberstamp the

7

allegations in the Consent Order entered on September 12, 2006. An unsigned copy of the Consent Order is attached to Respondents' Motion to Vacate. The Consent Order, however, expressly permitted and anticipated that the Respondents therein (The Coffee Beanery, Ltd. and Kevin Shaw) could/would deny the substance of the untested factual and legal allegations in the Consent Order in a subsequent litigation or arbitration proceeding, with the clear possibility that a judge or arbitrator would make factual findings and/or legal conclusions that were contrary to the Consent Order.

The administrative proceeding before the Maryland Securities Commissioner giving rise to the Consent Order was already pending when this Court issued its order on July 18, 2006 granting the Petition to Compel. The arbitration proceeding was already well underway upon entry of Consent Order on September 12, 2006, which was a compromise resolution of the Commissioner's allegations *before* an adversarial hearing was held in that matter, and the terms of the Consent Order expressly anticipated a future arbitration hearing. The preamble to the Consent Order recites, in pertinent part:

> WHEREAS, Respondents [The Coffee Beanery, Ltd. and Kevin Shaw] filed an Answer to the Order [to Show Cause] requesting that a hearing be held in this matter, and a hearing is now scheduled before the Office of Administrative Hearings; and
>
> WHEREAS, the Commissioner and Respondents have reached an agreement in this action whereby *Respondents, represented by counsel, without admitting or denying the Commissioner's statement of facts or conclusions of law*, except as to jurisdiction in this proceeding, consent to the terms of this Consent Order; and
>
> WHEREAS, *Respondents may deny any statement of fact or conclusion of law of the Consent Order in any proceeding, litigation, or arbitration against them in which the Commissioner is not a party*; and . . . .
>
> NOW, THEREFORE, *before the holding of a hearing in this matter, without trial or final adjudication of any issue of fact or law*, and upon the consent of the parties hereto . . . .

Consent Order of 9-12-06 (unsigned copy attached to Motion to Vacate)(emphasis added).

The Commissioner was not, and never had been, a party to the arbitration. It was well understood that Petitioners herein intended to contest Respondents' claims in an adversarial proceeding such as the arbitration, where Respondents' factual and legal contentions could be fully explored under oath and tested through direct and cross examination of both sides' witnesses. The Consent Order expressly acknowledged that potential, and it terms expressly anticipated the possibility that a judge or arbitrator would make factual findings and/or legal conclusions that were contrary to the untested allegations in the Consent Order (other than the jurisdictional allegations).

The factual disputes between the parties, and the resulting legal ramifications, went to the heart of the arbitration hearing, where both sides had a full and fair opportunity – over 11 days -- to present witnesses, produce documentary evidence, and conduct direct and cross examination. The Arbitration Award was the result of that adversarial fact-finding process; the Consent Order was not. The Consent Order at page 2 clearly indicates that it was entered upon consent "before the holding of a hearing in this matter, without trial or final adjudication of any issue of fact or law, and upon the consent of the parties hereto." The Consent Order also clearly provided that Respondents "may deny any statement of fact or conclusions of law of this Consent Order in any proceeding, litigation or *arbitration* against them in which the Commissioner is not a party." The Commissioner was not party to the arbitration, which was already in process when the Consent Order was issued, and the Commissioner and Respondents, The Coffee Beanery, Ltd and Kevin Shaw, clearly indicated their understanding and intent, in the Consent Order itself, that the findings and conclusions therein would not serve as *res judicata* and/or *collateral estoppel* with respect to the arbitration, or any other adversarial fact-finding proceeding, where the factual allegations (and any resulting legal conclusions) would be fully explored and tested.

9

Arbitrator Barron possessed a copy of the Consent Order for her review and consideration in her decision-making. Unlike the Maryland Securities Commissioner, Arbitrator Barron additionally had the benefit of a full, adversarial hearing on the contested factual issues. At the close of the January 2007 arbitration hearing, Arbitrator Barron gave the parties an opportunity to submit for her consideration, in writing, closing argument, along with proposed findings of fact and conclusions of law. Both sides filed substantial post-hearing briefs. On February 26, 2007, Respondents herein submitted to Arbitrator Barron a fifty-three (53) page submission entitled, "Claimant's Post Hearing Brief." The allegedly "undisputed and uncontested" facts set forth in Plaintiff's present Motion to Vacate Arbitration Award – the bulk of the present motion to vacate -- are simply a verbatim recitation of their proposed findings of facts and conclusions of law from their post-hearing brief. At the time, Petitioners herein also submitted to Arbitrator Barron their own post-hearing brief, which contained contrary proposed findings and conclusions. Thus, contrary to Respondents' argument, the factual and legal recitation in their Brief was not "undisputed and uncontested"; the parties' different contentions about the facts went to the heart of the disputed issues in the arbitration hearing. After a full hearing, the Arbitrator did not accept Respondents' view of the facts, and therefore, the Arbitrator did not accept Respondents' contentions of legal violations. Arbitrator Barron decided *inter alia*:

> Claimants are not entitled to rescission of the franchise agreement and did not prove damages based on the alleged failure to disclose more or different information about Café stores. The Arbitrator is not bound by the apparent conclusions of the Maryland Commissioner or the statements, conclusions or opinions set forth in the Consent Order because the Commissioner was not and is not a Party to the arbitration proceeding, and the Consent Order, by its terms, does not contain admissions of the Parties. Based on the credible testimony of Respondents' witnesses and documentary evidence, the Arbitrator finds, contrary to the statements, conclusions and opinions of the Maryland Commissioner, that

10

Respondents complied with Maryland (and Michigan) franchise laws regarding disclosure of information related to Café stores.

*See Exhibit A, ¶ 11.*  Respondents are clearly unhappy with the award, but there is no legally cognizable reason to vacate it on the basis of the Consent Order, by the express terms of that order.

As the Sixth Circuit has stated: "We decline to adopt [the] suggestion that we engage in a more extensive review of arbitration awards.  To do so would undermine the goal of the arbitration process: to resolve disputes efficiently while avoiding extended litigation." *Dawahare, supra, at 671.*  This dispute has been ongoing for well over two years now, since January 2005, first before the AAA, and then in two different judicial districts, in addition to the AAA.  The award should be confirmed and the dispute finally put to rest.

## V. CONCLUSION

WHEREFORE, for all the foregoing reasons, Petitioners respectfully request that this Court deny the Motion to Vacate Arbitration Award, grant the pending Application/Motion to Confirm Arbitration Award, and enter judgment on the Arbitration Award issued March 28, 2007.

                Respectfully Submitted,

                PEAR SPERLING EGGAN & DANIELS, P.C.

                By: */s/ Karl V. Fink*_____
                    Karl V. Fink (P13429)
                    Paul R. Fransway (P37900)
                Attorneys for Petitioners
                24 Frank Lloyd Wright Drive
                Ann Arbor, Michigan  48105
                (734) 665-4441
                kfink@psedlaw.com

Dated:  May 2, 2007

## **CERTIFICATE OF SERVICE**

Karl V. Fink hereby certifies that on May 2, 2007, he electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

COHAN, WEST, RIFKIN & COHEN, P.C.  
By:  Harry M. Rifkin  
Attorneys for Respondents  
201 N. Charles Street, Suite 2404  
Baltimore, Maryland  21201  
(410) 332-1400  
hmr@cohanwest.com

LARENE & KRIGER, PLC  
By:  Mark Kriger (P30298)  
Local Counsel for Respondents  
645 Griswold Street, Suite 1717  
Detroit, Michigan  48228  
(313) 967-0100  
mkriger@sbcglobal.net

PEAR SPERLING EGGAN & DANIELS, P.C.

By: */s/ Karl V. Fink*  
    Karl V. Fink (P13429)  
One of the Attorneys for Petitioners  
24 Frank Lloyd Wright Drive  
Ann Arbor, Michigan  48105  
(734) 665-4441  
kfink@psedlaw.com

Dated:  May 2, 2007