UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE COFFEE BEANERY LTD,
JOANNE SHAW, JULIUS SHAW, KEVIN
SHAW, KURT SHAW, KEN COXEN, WALTER
PILON, and OWEN STEARN,

      Petitioners,

v.      Case No. 06-10408
    Honorable Patrick J. Duggan

WW L.L.C, DEBORAH WILLIAMS, and
RICHARD WELSHANS,

      Respondents.
_____/

## OPINION AND ORDER DENYING RESPONDENTS' MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 16, 2007.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Petitioners initiated this action to compel arbitration to resolve a dispute between themselves and respondents arising from a franchise agreement pursuant to which respondents purchased and operated a Coffee Beanery Café. Following the court-compelled arbitration proceeding, petitioners filed a motion to confirm the arbitration award and respondents filed a motion to vacate the award. On May 23, 2007, this Court issued an opinion and order granting petitioners' motion and denying respondents'

1

motion. On June 4, 2007, respondents filed a motion for reconsideration. This Court subsequently issued a notice, informing the parties that petitioners may file a response to the motion for reconsideration, if they chose to do so. Petitioners filed a response on June 13, 2007; respondents filed a reply on June 15, 2007. After careful review, the Court denies respondents' motion.

## Standard of Review

A motion for reconsideration will be granted only if the moving party demonstrates "a palpable defect by which the court and the parties have been misled" and that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. E.D. Mich. LR 7.1(g). On the other hand, a court need not consider issues raised for the first time in a motion for reconsideration that could and should have been raised previously, as such motions are "aimed at reconsideration, not initial consideration." *Wardle v. Lexington-Fayette Urban County Gov't*, 45 Fed. App'x 505, 511 (6th Cir. 2002) (internal quotation marks and citations omitted). Similarly, motions for reconsideration "cannot . . . be employed as a vehicle to introduce new evidence that could have been adduced during the pendency [of the motion on which the court ruled]." *Marketing Displays, Inc. v. TrafFix Devices, Inc.*, 971 F. Supp. 262, 281 (E.D. Mich. 1997) (citing *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (emphasis in original removed)).

## Issues Presented and Analysis

To support their motion for reconsideration, respondents identify two alleged defects in the Court's May 23, 2007 decision. First, respondents claim that the Court erred in concluding that their failure to accept the rescission offer in the Maryland administrative proceeding barred their right to seek rescission. To demonstrate that this failure did not preclude their claim for rescission under Maryland Franchise Law, respondents offer a January 2, 2007 letter the Maryland Securities Commissioner ("Commissioner") sent to their counsel. In her letter, the Commissioner states, in part:

> If your clients determined that the form of rescission offer described in the Consent Order was not appropriate to resolve their dispute with Coffee Beanery, they were not obligated to accept that offer. The resolution of this proceeding by the Securities Commissioner does not limit your clients' right to pursue a private cause of action under the Maryland Franchise Law.

(Mot. for Recons. Ex. 1.)

Even if respondents' claim of error is accurate, correcting this error does not result in a different disposition of the case. The arbitrator actually found that respondents were barred from seeking rescission because they did not accept the rescission offer in the Consent Order within thirty days <u>and</u> they continued to operate the business utilizing the Coffee Beanery trademarks, products, and franchise system– conduct which was contrary to their stated intent to rescind the franchise agreement. (Doc. 22 Ex. A [Arbitration Award] at 3.) Respondents did not challenge this conclusion in their motion to vacate the arbitration award or in their opposition to petitioners' motion to confirm the award.

Instead, in their motion to vacate the arbitration award, respondents only asserted that, under Maryland Franchise Law, they had the right to seek rescission within three years of receipt of the UFOC as a result of petitioners' failure to disclose required information.[1] (Doc. 21 at 17.) In any event, the arbitrator's conclusion was not the only basis for her decision that respondents were not entitled to rescission. The arbitrator also relied on her finding that petitioners timely complied with the disclosure requirements under Michigan's and Maryland's franchise laws. (*Id*. at 2-3.)

Respondents' second claim of error relates to the arbitrator's rejection of the Commissioner's conclusion that petitioners violated Maryland Franchise Law. Respondents argue that the evidence presented during the arbitration hearing established– contrary to the arbitrator's findings and consistent with the factual conclusions in the Consent Order– that petitioners failed to disclose material information before respondents executed the franchise agreement. Respondents specifically focus on petitioners' alleged failure to disclose the "Gift Card Program," a Pepsi contract, and respondent Kevin Shaw's prior grand larceny conviction.

With respect to Kevin Shaw's prior conviction, the arbitrator concluded that this conviction was not the type of felony conviction subject to disclosure under the franchise laws of Maryland and Michigan. (Doc. 22 Ex. A at 3.) The arbitrator also concluded that

---

[1] The Court also notes that respondents did not attach the Commissioner's January 2, 2007 letter to their earlier pleadings, although the letter was available before the Court issued its decision to confirm the arbitration award.

the non-disclosure did not cause damage to respondents. (*Id*.) Respondents never argued to this Court, prior to their motion for reconsideration, that the arbitrator's analysis of this conviction was wrong. The Court will not consider respondents' belated argument now as a basis for vacating the arbitration award.

With respect to respondents' dispute with the arbitrator's other factual determinations, respondents raised the same argument in their motion to vacate the award and in response to petitioners' motion to confirm the award. The Court already rejected this "manifest disregard of the facts" argument, concluding that it is not a ground for vacating the arbitrator's award absent evidence that the arbitrator had an improper motive for accepting petitioners' version of the relevant events. (5/23/07 Op. and Order at 17.) As this Court concluded in its May 23, 2007 opinion and order, ". . . [I]t is the arbitrator's role to make factual findings, weigh evidence, and assess the credibility of witnesses, and it is well-established that 'a federal court may not conduct a reassessment of the evidentiary record.'" *Nichols v. Brookdale Univ. Hosp. and Med. Center*, 204 Fed. App'x 40, 43 (2d Cir. 2006) (quoting *Wallace v. Buttar*, 378 F.3d 182, 193 (2d Cir. 2004)).

For the above reasons, the Court does not find a palpable defect in its prior decision that, if corrected, will result in a different disposition of the case.

Accordingly,

5

**IT IS ORDERED**, that respondents' motion for reconsideration is **DENIED**.

                                                                s/PATRICK J. DUGGAN
                                                                 UNITED STATES DISTRICT JUDGE

Copies to:
Karl V. Fink, Esq.
Harry M. Rifkin, Esq.
Mark J. Kriger, Esq.