UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE COFFEE BEANERY LTD,
JOANNE SHAW, JULIUS SHAW, KEVIN
SHAW, KURT SHAW, KEN COXEN, WALTER
PILON, and OWEN STEARN,

      Petitioners,

v.                                                                                      Case No. 06-10408
                                                                                     Honorable Patrick J. Duggan

WW L.L.C, DEBORAH WILLIAMS, and
RICHARD WELSHANS,

      Respondents.
_____/

**OPINION AND ORDER DENYING RESPONDENTS' MOTION
TO TRANSFER CASE TO THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 15, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

      This matter is before the court on remand from the Sixth Circuit Court of Appeals, after the appellate court vacated an arbitration award entered in favor of Petitioner Coffee Beanery Limited ("Coffee Beanery"). Presently before the court is Respondents' motion to transfer this action to the United States District Court for the District of Maryland, filed March 9, 2009. On March 23, 2009, Petitioners filed a response to the motion in which they oppose the relief Respondents seek and alternatively ask the court to stay any action

until they are able to seek the United States Supreme Court's review of the Sixth Circuit's decision in this case. The court finds that oral argument will not aid in its resolution of Respondents' motion and therefore dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(e)(2). Because the only action between the parties that ever was pending before this court was Petitioners' petition to compel arbitration, which in this court's view has been fully adjudicated, the court denies the motion.

Petitioners filed their petition to compel arbitration in this court in response to a lawsuit filed by Respondents in the United States District Court for the District of Maryland ("Maryland action").[1] On March 23, 2006, the district court judge presiding over the Maryland action, the Honorable Andre M. Davis, stayed the Maryland action. On July 18, 2006, this court granted Petitioners' petition to compel arbitration and the parties proceeded to arbitration. On March 28, 2007, the arbitrator entered an award in favor of Petitioners.

Respondents thereafter filed two motions to vacate the arbitration award, one in this court and the other in the Maryland action. Petitioners filed a motion in this court, asking the court to confirm the arbitration award. On May 23, 2007, this court issued an opinion and order denying Respondents' motion to vacate the arbitrator's award and

---

[1] The franchise agreement between the Coffee Beanery and WW contained an arbitration clause requiring the parties to arbitrate any disputes in Flushing, Michigan. Pursuant to the Federal Arbitration Act, "only a district court in the state where the parties agreed to arbitrate has jurisdiction to order arbitration, . . ." *Mgmt. Recruiters Int'l, Inc. v. Bloor*, 129 F.3d 851, 854 (6th Cir. 1997).

granting Petitioners' motion to confirm the award. On the same date, the court entered a judgment in favor of Petitioners and against Respondents. Respondents appealed. While Respondents' appeal was pending, the Maryland court entered an order denying Respondents' motion to vacate the arbitration award and dismissing the Maryland action with prejudice. (Petitioners' Resp. Ex. 3.)

On August 18, 2008, the Sixth Circuit issued a decision reversing this court's judgment and vacating the arbitration award. The court issued an amended order on November 14, 2008, in which it reached the same conclusion.[2] (*Id*. Ex. 4.) The appellate court held that the Coffee Beanery failed to disclose information it was required to disclose under the Maryland Franchise Act and, as a result, WW was not bound by the arbitration provision in the franchise agreement. (*Id*. at 10-12.) The Sixth Circuit therefore concluded: "WW need not resort to arbitration to vindicate its statutory rights but may instead seek appropriate relief in a court of law." (*Id*. at 12.) The court filed its mandate on March 2, 2009. A week later, Respondents filed the pending motion to transfer.

In this court's view, however, there is nothing pending before this court to transfer to the Maryland court. As stated earlier, the only "complaint" presented to this court was Petitioners' petition to compel arbitration. That petition has been fully adjudicated. The claims Petitioners filed in the Maryland action were never transferred to or filed in this

---

[2]Petitioners explain that the amended decision was issued to correct a factual misstatement. (*See* Petitioners' Resp. at 7 n.1.)

court. As Respondents' claims are not pending in this court and never were filed here, the issue of where those claims properly should be adjudicated is not ripe for this court's review.

Accordingly,

**IT IS ORDERED**, that Respondents' Motion to Transfer is **DENIED**;

**IT IS FURTHER ORDERED**, that there being nothing further pending in this case, Civil Case No. 06-10408, the case is **DISMISSED**.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:
Karl V. Fink, Esq.
Harry M. Rifkin, Esq.
Mark J. Kriger, Esq.